U.S. COURTS

JAN 15 2026

Revd_____ Filed_____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

| | |
|---|---|
| Brandon Forland | Case No. $26-CV-26-BLW$ |
| | *(to be filled in by the Clerk's Office)* |

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

Jury Trial: *(check one)* ☑ Yes ☐ No

-v-

City of Boise
Officer Bienz, Badge No. 1119;
Officer Viens, Badge No. 759

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

## COMPLAINT FOR A CIVIL CASE

### I.  The Parties to This Complaint

#### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Brandon Forland |
| Street Address | 4523 North Mackenzie Lane |
| City and County | Boise, Ada County |
| State and Zip Code | Idaho, 83703 |
| Telephone Number | 986-231-9062 |
| E-mail Address | forland.brandon@outlook.com |

#### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | City of Boise |
| Job or Title *(if known)* | Municipal Government |
| Street Address | 150 North Capitol Blvd |
| City and County | Boide, Ada County |
| State and Zip Code | Idaho, 83702 |
| Telephone Number | 208-972-8150 |
| E-mail Address *(if known)* | Unknown |

Defendant No. 2

| | |
|---|---|
| Name | Officer Bienz, Bryce |
| Job or Title *(if known)* | Police Officer, Boise Police Department |
| Street Address | c/o Boise Police Department |
| City and County | Boise, Ada County |
| State and Zip Code | Idaho, 83702 |
| Telephone Number | Unknown |
| E-mail Address *(if known)* | Unknown |

Defendant No. 3

| | |
|---|---|
| Name | Officer Viens , Allan |
| Job or Title *(if known)* | Police Officer, Boise Police Department |
| Street Address | c/o Boise Police Department |
| City and County | Boise, Ada County |
| State and Zip Code | Idaho, 83702 |
| Telephone Number | Unknown |
| E-mail Address *(if known)* | Unknown |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question              ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This action arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

a.   If the plaintiff is an individual

The plaintiff, *(name)*   Brandon Forland                          , is a citizen of the State of *(name)*   Idaho                        .

b.   If the plaintiff is a corporation

The plaintiff, *(name)*   NA                          , is incorporated under the laws of the State of *(name)*   NA                          ,

and has its principal place of business in the State of *(name)*

NA                          .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

a.   If the defendant is an individual

The defendant, *(name)*   Officer Bienz & Officer Viens          , is a citizen of the State of *(name)*   Idaho                        . Or is a citizen of *(foreign nation)*   NA                        .

Page 3 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.     If the defendant is a corporation

The defendant, *(name)* City of Boise , is incorporated under

the laws of the State of *(name)* Idaho , and has its

principal place of business in the State of *(name)* Idaho .

Or is incorporated under the laws of *(foreign nation)* NA ,

and has its principal place of business in *(name)* NA .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Damages to be determined at trial.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached Statement of Claim

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff seeks compensatory damages, nominal damages, punitive damages against individual defendants, and declaratory and injunctive relief against Defendant City of Boise, as set forth in the attached Complaint.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

NA

/

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff    _____

Printed Name of Plaintiff    Brandon Forland

### B.    For Attorneys

Date of signing: _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

BRANDON FORLAND,

Plaintiff,

v.

CITY OF BOISE,

OFFICER BIENZ, Badge No. 1119,

OFFICER VIENS, Badge No. 759,

Defendants.

Case No.: _____

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

JURY TRIAL DEMANDED

Plaintiff Brandon Forland, proceeding pro se, brings this civil action for violations of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and alleges as follows:

# Contents

JURISDICTION AND VENUE ..................................................................................3

PARTIES ...................................................................................................................3

INTRODUCTION .....................................................................................................4

STATEMENT OF FACTS ........................................................................................6

    Plaintiff Enters an Unsigned Alley:.........................................................................6

    Officers Block Plaintiff's Path and Initiate an Unlawful Seizure: ...................................7

    Plaintiff's Protected Speech and Immediate Retaliation: ..............................................7

    Citation Issued Without Probable Cause:..................................................................9

    City Prosecutor Dismisses Citation for Lack of Probable Cause:.....................................9

    Internal Affairs, OPA, and Chief Ratify Unlawful Enforcement ......................................9

    ACHD Records Contain No One-Way Alley Designation: ..........................................11

    Pattern Evidence Demonstrating an Unlawful Municipal Custom or Practice:.................12

CLAIMS FOR RELIEF ..........................................................................................13

    Claim One: Fourth Amendment Unreasonable Seizure ..............................................13

    Claim Two: First Amendment Retaliation...............................................................16

    Claim Three: Fourteenth Amendment Due Process ...................................................18

    Claim Four: Monell Liability (City of Boise) ..........................................................19

DAMAGES ..............................................................................................................20

REQUEST FOR RELIEF .........................................................................................21

PROSPECTIVE DECLARATORY AND INJUNCTIVE RELIEF ...................................22

JURY DEMAND ......................................................................................................24

SIGNATURE ...........................................................................................................25

## JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) because this action seeks redress for the deprivation of rights secured by the Constitution and laws of the United States.

3. Venue is proper in the District of Idaho under 28 U.S.C. § 1391(b) because all events and omissions giving rise to the claims occurred within this District, and Defendants reside and perform their official duties within this District.

4. Plaintiff brings this action pro se and reserves the right to retain counsel as this matter proceeds.

## PARTIES

5. Plaintiff Brandon Forland is a resident of Boise, Idaho and was, at all relevant times, the victim of the constitutional violations alleged herein.

6. Defendant City of Boise is a municipal corporation organized under the laws of the State of Idaho and, at all relevant times, was responsible for the policies, practices, supervision, and operation of the Boise Police Department.

3

7. Defendant Officer Bienz, badge number 1119, was at all relevant times a sworn law enforcement officer employed by the Boise Police Department and was acting under color of state law within the scope of his employment.

8. Defendant Officer Viens, badge number 759, was at all relevant times a sworn law enforcement officer employed by the Boise Police Department and was acting under color of state law within the scope of his employment.

## INTRODUCTION

9. This case arises from an unlawful stop for "driving the wrong direction on a one-way highway," retaliatory escalation after verbally criticizing officers' behavior, and citation issued to Plaintiff in a downtown Boise alley that had no posted traffic control signage indicating any one-way designation as required by Idaho State code section 49-636.

10. Plaintiff was cited for violating Idaho code section 49-636, which applies only to roadways designated as one way by official traffic control devices. No such devices existed at the alley entrance or exit that the Plaintiff used.

11. A Boise Police Sergeant later admitted in a recorded complaint follow-up to Plaintiff that the alleged rule that "all westbound alleys downtown are one-way highways" is treated as a common practice and stated that the "rule has been around forever," but acknowledged that he would need to "dig for any authority supporting it." No such authority was ever provided to Plaintiff.

12. Prior to trial on citation BPD114041 and case number CR01-25-27004, Plaintiff demanded discovery. The Boise City Prosecutor then personally inspected the alley, took photos of the incident location, and filed a Motion for Protection Order and Request for in Camera Review and Motion to Dismiss on 09/02/2025. An Order for Dismissal for citation BPD114041 occurred on 09/05/2025 before court trial in the interest of Justice and for no probable cause.

13. Despite this, in response to Plaintiff's formal complaint against the Boise Police Department and the officers; Internal Affairs, the Office of Police Accountability, and the Chief of Police ratified the officers' conduct in official letters and concluded the officer's behavior and action was "within policy regardless of signage" and that "no laws were violated by the officers."

14. Plaintiff believes the officers conduct violated his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendant City of Boise is also liable under Monell for maintaining unconstitutional customs or practices, including the enforcement of an unwritten rule treating ALL downtown alleys as one-way westbound highways despite the absence of legally required traffic-control signage; failing to adequately train officers on the statutory requirements of Idaho Code § 49-636; and ratifying unlawful enforcement actions inconsistent with state law. These customs, failures, and acts of ratification by final policymakers were the moving force behind the violations of Plaintiff's constitutional rights.

15.  Plaintiff possesses evidence supporting these allegations and reasonably believes that additional relevant evidence remains within the City's custody and control, including body-worn camera footage, case files, and internal communications related to improper enforcement of this statute over the last 20 years. Plaintiff made multiple public records requests seeking documentation of alley designations, enforcement guidance, and related communications, many of which were denied or conditioned on prohibitive fees exceeding $1,000. The records that have been received, however, reveal a custom may exist that violates the people's constitutional rights.

## STATEMENT OF FACTS

### Plaintiff Enters an Unsigned Alley:

16. On July 20, 2025, at approximately 01:30, Plaintiff entered a downtown Boise alley from South Capitol Boulevard.

17. At the entrance of the alleyway, near GPS location 43.614658202500024, -116.20271872380088, there was no one way sign, no do not enter sign, no wrong way sign, and no directional signage was present. There were no pavement arrows or markings indicating any restriction.

**Officers Block Plaintiff's Path and Initiate an Unlawful Seizure:**

18. Within moments of Plaintiff entering the alley, Plaintiff observed Officer Viens and Officer Bienz walking in the same direction of travel in the middle of the alley. Officer Bienz moved to the side of the alley, while Officer Viens positioned himself approximately fifty feet in front of Plaintiff's vehicle, physically blocking Plaintiff's lane of travel.

19. Officer Viens then began yelling and signaling.

20. Plaintiff could not proceed forward or exit the alley without risking collision with Officer Viens, as the officer was positioned directly in Plaintiff's lane of travel.

21. Plaintiff could not hear or understand what the officer was attempting to communicate as the Plaintiff was in his vehicle with the windows rolled up.

22. Plaintiff rolled the driver's window down and then leaned out of his window to inform the officers he could not hear them or understand what they were trying to communicate.

**Plaintiff's Protected Speech and Immediate Retaliation:**

23. When Officer Viens approached Plaintiff's window, he pointed in the opposite direction and yelled at the Plaintiff that he was traveling the "wrong direction on a one-way highway." Plaintiff responded that he had not seen any signage indicating the alley was one way and explained that he had recently moved to the area and did not know this was

a law. Officer Viens repeated his command and yelled, "I do not care! All westbound alleyways downtown are one-way highways, TURN AROUND NOW!" Plaintiff then verbally criticized Officer Viens' conduct during the encounter, calling his conduct rude, not fit for uniform, and inappropriate for the circumstances.

24. Officer Viens then began arguing with Plaintiff, attempting to justify his tone and approach. Officer Viens began yelling, pointed to his ears, and stated that he "can't hear well" because he was wearing earpieces. Plaintiff responded by suggesting that if the officer could not hear, he should remove the earpieces, as doing so might alleviate a potential safety issue and improve his ability to communicate professionally with the public during police encounters. Plaintiff informed the officer he was being disrespectful.

25. Immediately after this verbal criticism, Officer Bienz (who was not directly engaged in the initial interaction between Officer Viens and Plaintiff) suddenly rushed to the Plaintiff's window, activated body-worn camera audio for the first time, demanded identification, registration, and insurance, and escalated the encounter into a formal detention.

26. Plaintiff immediately complied with all of Officer Bienz's directives at that time after observing that the officers were visibly agitated and interpreted their behavior to be unpredictable. Out of fear and to avoid further escalation of the encounter, Plaintiff complied even though he did not believe he broke any laws.

**Citation Issued Without Probable Cause:**

27. Officer Bienz then issued citation BPD114041 under Idaho Code section 49-636 for "driving wrong way on one-way highway."

**City Prosecutor Dismisses Citation for Lack of Probable Cause:**

28. Plaintiff contested the citation in Ada County Magistrate Court, case number CR01-25-27004 and demanded discovery.

29. Upon receiving the discovery request, the Boise City Prosecutor personally inspected the alley, photographed the area, and confirmed the absence of traffic-control signage required under Idaho law. The Prosecutor later contacted Plaintiff by phone and advised that she would be submitting a motion to dismiss the citation "in the interest of justice and for lack of probable cause."

**Internal Affairs, OPA, and Chief Ratify Unlawful Enforcement**

30. Shortly after the incident, Plaintiff spoke with the officer's supervisor, Sgt. Jacobs with Boise Police Department. This conversation was officially recorded by Sgt. Jacobs.

31. When Plaintiff asked what law, he had violated, Sgt. Jacobs stated that "the rule has been around forever." During the recorded complaint follow-up video, at approximately 00:08:19, Sgt. Jacobs further stated, "I'm sure he told you that all alleys are westbound in the downtown core." When Plaintiff responded this assertion was not supported by law, Sgt. Jacobs replied, "That's definitely something that can be taken up with the court."

32. Sgt. Jacobs provided no documentation showing the alley was one-way or that all alleys in the downtown core are westbound.

33. Sgt. Jacobs stated that he would need to "dig" to find any authority supporting the rule that has been around forever, which he never did.

34. The Plaintiff also filed a complaint with The Office of Police Accountability. Kathie Brack concluded that officers were justified in stopping Plaintiff based on their "belief that Plaintiff was traveling in the wrong direction in a one-way alley."

35. The OPA concluded that "the absence of audio or video recording of the initial interaction did not undermine the officers' account of events."

36. The OPA concluded that "regardless of signage, traveling the wrong way down a one-way alley posed a safety risk."

37. The OPA concluded that issuing the citation was "appropriate and within policy, even in the absence of signage."

38. Chief of police specifically stated, "Based on the investigation, the Department determined there is insufficient evidence to conclude that an officer or Department employee violated law or policy."

39. At this point, all further communications from Plaintiff seeking clarification or reconsideration went unanswered. (Internal Affairs, OPA, City Attorney's Office, Chief of Police, City Council, and the Mayor's office). No further justification or conversation took place about the validity of the findings. All calls, emails, and messages were ignored even after Plaintiff's citation was dismissed.

## ACHD Records Contain No One-Way Alley Designation:

40. After Plaintiff conducted a records request through ACHD, they provided no traffic order, engineering designation, or record of any downtown alley being legally established as one-way highway or that all westbound alleyways were designated as one-way highways as the officers, and their leadership claimed.

41. Additionally, Ada County Highway District ("ACHD") supervisors Josh (Traffic Supervisor) and David (Right-of-Way Supervisor) separately confirmed, during recorded telephone conversations, that ACHD lacks authority over alleyways located within downtown Boise city limits. Josh specifically stated that ACHD has no role in establishing or enforcing alleyway directionality downtown. He further explained that any existing signage in the downtown core is largely archaic and may remain from a former City of Boise ordinance that was in effect approximately 10–15 years ago and has since been repealed.

{ 11 }

**Pattern Evidence Demonstrating an Unlawful Municipal Custom or Practice:**

42. After obtaining public citation records through a records request to the Boise Police Department, Plaintiff identified a widespread and longstanding pattern of enforcement of Idaho Code § 49-636 in downtown Boise alleyways over an extended period of years, despite the absence of statutorily required official traffic-control devices designating such alleys as one-way roadways.

43. The requested records reflect that numerous citations issued under § 49-636 were dismissed by the courts, reflecting enforcement actions that failed to result in sustained adjudications and supporting an inference that such enforcement was frequently unsupported by lawful designation or adequate notice.

44. The records further reflect that many § 49-636 citations issued in downtown alleyways resulted in no final adjudication on the merits, including dispositions reflecting dismissal, withdrawal, or the absence of a recorded final outcome.

45. The pattern of unlawful enforcement described above did not cease after the dismissal of Plaintiff's citation for lack of probable cause. Public records produced by the Boise Police Department on January 9, 2026, in response to Plaintiff's records request submitted on December 30, 2025, confirm that officers continued to issue citations under Idaho Code § 49-636 in downtown Boise alleyways after Plaintiff's citation was dismissed, including during November and December 2025. Those post-dismissal

citations reflect a range of procedural postures, including contested cases, default judgments, and dispositions entered upon payment without adjudication on the merits.

46. These repeated dismissals and non-adjudications placed the City of Boise, through the Boise Police Department and the City Prosecutor's Office, on actual or constructive notice that its enforcement practices under Idaho Code § 49-636 were legally deficient and posed a substantial risk of constitutional violations.

47. Despite this notice, the City failed to correct, curtail, or meaningfully review the enforcement practice, and instead continued to permit officers to enforce § 49-636 in downtown alleyways without required traffic-control signage, demonstrating a widespread and well-settled municipal custom and deliberate indifference to the constitutional rights of citizens.

## CLAIMS FOR RELIEF

### Claim One: Fourth Amendment Unreasonable Seizure

48. Defendants Officer Bienz and Officer Viens, acting under color of state law, seized Plaintiff without reasonable suspicion or probable cause in violation of the Fourth Amendment.

49. The seizure began when Officer Viens physically blocked Plaintiff's vehicle by standing directly in front of it approximately fifty feet away and issued verbal and non-verbal

commands directing Plaintiff to turn around, thereby restricting Plaintiff's freedom of movement.

50. No reasonable person in Plaintiff's position would have felt free to proceed forward or leave the alley, as doing so would have risked collision with Officer Viens or disregard of police commands. Plaintiff was inside his vehicle while the officer was positioned outside at a distance, and Plaintiff could not hear or understand the officer's commands, further reinforcing that the encounter constituted a seizure.

51. The seizure continued and escalated when, immediately after Plaintiff's verbal criticism of Officer Viens conduct, Officer Bienz rushed to Plaintiff's window, activated body-worn camera audio for the first time, demanded identification, registration, and proof of insurance, and converted the encounter into a formal traffic detention.

52. At the time of the initial seizure and throughout the encounter, Defendants lacked reasonable suspicion or probable cause to believe Plaintiff had committed any traffic violation, as the alley was not designated as a one-way roadway by any official traffic-control device, signage, pavement markings, or other lawful means, as required by Idaho Code § 49-636. Plaintiff informed the officers at the scene that he had not seen any signage and explained that he had recently moved to the area and was unfamiliar with any such rule. The citation itself confirms this exchange, stating under the "Admissions" section: "said he's new in town did not realize that allie's are one way only began lecturing, Corporal Viens and I about how were public facing figures." The citation

further notes: "driver was driving eastbound and westbound only alleys," which appears to reflect a blanket presumption not supported by signage or law. Rather than reassess the situation, Defendants doubled down on their unsupported assertions. The stop occurred within feet of the alley entrance, and the officers could have easily walked back to verify the presence or absence of signage. They refused to do so, continued to berate and argue with Plaintiff, and ultimately issued a citation that lacked any lawful basis under Idaho law.

53. The physical obstruction of Plaintiff's vehicle, issuance of commands, demand for identification, and issuance of a citation constituted an investigatory detention unsupported by lawful justification, rendering the entire seizure unreasonable under the Fourth Amendment. See Delia v. City of Rialto, 621 F.3d 1069, 1074–75 (9th Cir. 2010) (holding that officers were not entitled to qualified immunity where enforcement of traffic law was contrary to clearly established statutory limits); see also United States v. Mendenhall, 446 U.S. 544, 554 (1980) (seizure occurs when a reasonable person would not feel free to leave due to officer conduct).

54. No objectively reasonable officer, trained in Idaho law and certified through the Idaho Peace Officer Standards and Training (POST) Academy, could have believed that probable cause existed to enforce Idaho Code § 49-636 in the absence of the traffic-control signage required by law. Idaho Code § 49-636 expressly mandates that one-way roadways must be designated by official traffic-control devices giving notice thereof. The POST Traffic Law PowerPoint (Revision 03/19), which is part of the standard curriculum

for Idaho peace officers, reinforces this statutory requirement and makes clear that enforcement of one-way traffic rules must be supported by signage that is both authorized and visible to the driver. Specifically, POST instructs officers that traffic-control devices "must be authorized by law, visible to the driver, and conform to the Manual on Uniform Traffic Control Devices (MUTCD)," and further identifies that enforcement actions under Title 49, Chapter 6 (which includes § 49-636), are directly tied to compliance with Chapter 8, which governs signage and markings. Defendants Bienz and Viens, as POST-certified officers, are presumed to have received and understood this training. Their decision to initiate a traffic stop and issue a citation under § 49-636 in an alleyway that lacked any signage or traffic-control devices was in direct contradiction to both their statutory obligations and their formal training. No reasonable officer could have believed probable cause existed. Any belief to the contrary was not a good-faith mistake, it was objectively unreasonable unless based on adherence to a long-standing, officially condoned municipal custom that itself violates clearly established constitutional rights.

55. As a direct and proximate result of this unreasonable seizure, Plaintiff suffered dignitary harm, and deprivation of constitutional rights.

## Claim Two: First Amendment Retaliation

56. During the encounter, Plaintiff engaged in speech protected by the First Amendment by verbally criticizing Officer Viens conduct and approach.

57. Immediately after, and only after, Plaintiff engaged in this protected speech, Defendants escalated the encounter: Officer Bienz rushed to Plaintiff's window, activated body-worn camera audio for the first time, demanded identification, registration, and proof of insurance, and converted the interaction into a formal traffic stop that resulted in the issuance of a citation. At the time the encounter was escalated, Defendants lacked independent probable cause or reasonable suspicion to detain Plaintiff.

58. The close temporal proximity between Plaintiff's protected speech and when Officer Bienz suddenly and abruptly escalated the encounter supports an inference of retaliatory motive. Again, although the body cam audio is muted, this link is clearly established in body cam footage. See City of Houston v. Hill, 482 U.S. 451, 461 (1987) ("The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers."); see also Ford v. City of Yakima, 706 F.3d 1188, 1193–94 (9th Cir. 2013) (denying qualified immunity where officers escalated an encounter in response to protected speech).

59. Defendants' actions would chill or deter a person of ordinary firmness from continuing to engage in protected speech. This is further demonstrated by the fact that Officer Bienz, who had not been involved in the initial enforcement action, intervened and escalated the stop only after hearing Plaintiff criticize Officer Viens' behavior.

60. At the time of the encounter, no other vehicles were present or traveling in the alleyway, and no immediate traffic hazard existed to warrant such a response.

61. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered dignitary harm, and deprivation of his First Amendment rights and inevitably led to an unlawful detention.

## Claim Three: Fourteenth Amendment Due Process

62. Idaho Code § 49-636 authorizes enforcement of one-way traffic rules only on roadways that have been officially designated as one-way and where the required direction of travel is clearly indicated by official traffic-control devices.

63. No signage, pavement markings, pavement arrows, or other official traffic-control devices existed at the entrance to the alley, within the alley, or at any point along the route Plaintiff traveled to indicate that the alley was designated as a one-way roadway.

64. By enforcing an unwritten, unpublished, and undocumented rule that "all westbound alleys downtown are one-way highways," Defendants deprived Plaintiff of fair notice that his conduct was prohibited.

65. The absence of any official designation or warning signs enabled arbitrary and discriminatory enforcement, because officers could selectively apply the rule without any objective, publicly available standard. See Grayned v. City of Rockford, 408 U.S. 104, 108–09 (1972) (laws must provide fair notice and avoid arbitrary enforcement); see also

FCC v. Fox Television Stations, 567 U.S. 239, 253 (2012) ("Regulated parties must know what is required of them so they may act accordingly.").

66. This enforcement of an unwritten rule, independent of the initial seizure, violated Plaintiff's right to due process of law under the Fourteenth Amendment by depriving him of the fundamental requirement that laws provide fair notice and prevent arbitrary application.

## Claim Four: Monell Liability (City of Boise)

67. Defendant City of Boise maintained a longstanding custom or practice of enforcing Idaho Code § 49-636 in downtown alleys without the statutorily required official traffic-control devices designating such alleys as one-way roadways, as evidenced by the repeated issuance of citations over a seventeen-year period, numerous dismissals and non-adjudications, and admissions from Boise Police personnel that the alleged one-way rule was informal, undocumented, and unsupported by signage or legal authority.

68. Despite the Boise City Prosecutor's dismissal of Plaintiff's citation for lack of probable cause after personally inspecting the alley and confirming the absence of required signage, the Office of Police Accountability, Internal Affairs, and the Chief of Police reviewed the matter (complaint video with Sgt. Jacobs, etc.), accepted the officers' accounts, and ratified the enforcement action by concluding it was "within policy" and justified "regardless of signage." Thereafter, Defendants ceased responding to Plaintiff's requests for clarification or reconsideration indefinitely.

69. The Chief of Police, as the final policymaker for the Boise Police Department with authority over officer conduct, discipline, training, and enforcement practices, adopted and endorsed these conclusions, thereby representing the City's official position and ratifying the unconstitutional conduct. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (ratification by a final policymaker may establish municipal liability under § 1983); see also Larez v. City of Los Angeles, 946 F.2d 630, 645 (9th Cir. 1991) (municipal liability supported where chief of police ratified unconstitutional conduct).

70. The City's widespread custom, failure to train, and ratification by a final policymaker exhibited deliberate indifference to the substantial risk of constitutional violations and were the moving force behind the violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments, directly causing Plaintiff's injuries.

## DAMAGES

**As a direct and proximate result of Defendants' actions, Plaintiff suffered the following injuries and losses:**

71. Concrete economic and time losses, out-of-pocket costs such as fuel and administrative expenses, and loss of productive time incurred as a direct result of the unlawful stop, detention, citation, and the efforts required to contest and seek redress for the constitutional violations described herein.

72. Dignitary and liberty harm, including being unlawfully stopped, detained, and cited without legal basis, in public view and without fair notice, resulting from Defendants' misuse of governmental authority.

73. Deprivation of constitutional rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, which constitutes an independent compensable injury under 42 U.S.C. § 1983 and entitles Plaintiff to compensatory and nominal damages regardless of proof of additional injury.

74. Punitive damages are warranted against Defendants Officer Bienz and Officer Viens in their individual capacities because their actions were undertaken with reckless and callous disregard for Plaintiff's clearly established constitutional rights, including the right to be free from unreasonable seizure and retaliation for protected speech. Defendants knowingly exceeded the bounds of their lawful authority and misused their official powers, thereby justifying punitive damages to punish and deter similar misconduct.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

75. Award compensatory damages in an amount to be determined at trial.

76. Award nominal damages for the violation of Plaintiff's constitutional rights.

77. Award punitive damages against Defendants Officer Bienz and Officer Viens in their individual capacities.

78. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988 should counsel appear.

# PROSPECTIVE DECLARATORY AND INJUNCTIVE RELIEF

**Plaintiff further requests prospective injunctive relief requiring Defendant City of Boise to:**

79. Plaintiff seeks declaratory and prospective injunctive relief because Defendants' challenged enforcement practices are ongoing and present a real and immediate threat of repeated constitutional injury. Plaintiff resides in Boise, regularly travels to and through downtown Boise, and frequently drives in areas subject to enforcement of Idaho Code § 49-636, including for commercial rideshare purposes. As a result, Plaintiff faces a substantial likelihood of future encounters with the same enforcement practices alleged herein. As alleged above, these enforcement practices result from Defendant City of Boise's customs, training deficiencies, and ratification by final policymakers.

80. Plaintiff seeks a declaration that enforcement of Idaho Code § 49-636 by City of Boise officers in alleyways lacking lawfully installed and MUTCD-compliant traffic-control devices violates the First, Fourth, and Fourteenth Amendments to the United States Constitution.

81. Plaintiff further seeks an order enjoining Defendant City of Boise, its officers, agents, and employees from enforcing Idaho Code § 49-636 in any alleyway that is not lawfully designated and marked with traffic-control devices that comply with the Manual on Uniform Traffic Control Devices ("MUTCD").

82. Plaintiff seeks an injunction requiring Defendant City of Boise, within 180 days of entry of judgment, to conduct a citywide audit of all downtown alleyways subject to enforcement of Idaho Code § 49-636 to determine compliance with that statute and the MUTCD, and to either (a) install lawful and MUTCD-compliant traffic-control devices, or (b) prohibit enforcement of Idaho Code § 49-636 in any alleyway lacking such lawful designation.

83. Plaintiff seeks an injunction requiring Defendant City of Boise to amend Boise Police Department written policies, training materials, and enforcement guidance to expressly prohibit enforcement of Idaho Code § 49-636 absent lawfully installed and MUTCD-compliant traffic-control devices, and to require documented initial and periodic refresher training of sworn officers regarding this limitation.

84. Plaintiff seeks an injunction requiring Defendant City of Boise to preserve and maintain anonymized quarterly enforcement data related to Idaho Code § 49-636, including citation location, enforcement basis, disposition, and dismissal rates, for a period of three years, for the limited purpose of monitoring compliance with the Court's injunction and

for production in this action upon reasonable request subject to appropriate protective conditions.

85. Plaintiff seeks an injunction requiring Defendant City of Boise to implement mandatory training for sworn officers on First Amendment protections during police encounters, including the prohibition against retaliatory enforcement actions based on verbal criticism, non-threatening speech, or expressive conduct, and the constitutional limits on escalating investigatory detentions in response to protected expression. Such training shall be documented, provided initially and through periodic refresher instruction, and incorporated into written policy, training materials, and supervisory review procedures.

## JURY DEMAND

86. Plaintiff demands a jury trial on all issues triable by jury.

## SIGNATURE

I certify under Federal Rule of Civil Procedure 11(b) that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, this complaint is not presented for any improper purpose, the claims are warranted by existing law or by a nonfrivolous argument for extending or modifying the law, and the factual contentions have evidentiary support.

Brandon Forland

4523 North Mackenzie Lane

Boise, Idaho 83703

Phone: 986-231-9062

Email: forland.brandon@outlook.com

Dated:    01-15-2026

Signed: